PACHECO CREEK ORCHARD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13465. Promulgated July 16, 1928.

*H. H. Tooley, C. P. A.,* for the petitioner.
*R. H. Ritterbush, Esq.,* for the respondent.

OPINION.

MILLIKEN: The questions for decision here are (1) Was the sale of the property an installment sale? and, if so, (2) Should the mortgage of $73,000 be deducted from the selling price for the purpose of calculating the percentage of profit to contract price?

It is suggested in brief of counsel for petitioner that as Lester did not sign the contract for deed that the contract was not enforcible and that the purchaser, Lester, did not have any interest in the property until the final payments were made in 1922 and he received his deed. We understand petitioner's position to be that no part of the gain realized by this transaction should be included in income or taxed until 1922, when final payment was made.

It is not for us to say whether the contract was enforcible or not. That would have been a question for the parties to it if there had been a breach thereof, but such was not the case, for it was performed and carried out according to its terms. From such performance petitioner admits a gain of $50,000.

Reading the lease and contract for deed together, it is perfectly plain that this was a sale of real estate if Lester exercised his option to purchase, otherwise, a lease, and merely one of the various forms or methods of making an installment sale and securing the vendor by retention of the title until payment was completed and clothing the vendor with power to repossess without resort to legal action. The contract for deed provides for 6 per cent interest on deferred payments, but the lease provides that 6 per cent on all payments made on the purchase price of the property should be credited on rentals. Stating it differently, all payments of rent were credited on the interest on the purchase price. The original amount of the rent was exactly 6 per cent of the purchase price, but as payments on the purchase price were made the rent was correspondingly reduced. No interest other than the rent was paid on the purchase price.

A California contract practically in *haec verba* with this was before the Board in *Pacific Coast Redwood Co.*, 5 B. T. A. 423, and was held to be an installment sale. The Board said:

With respect to the contract to sell the real property, the buyer agreed to pay $2,500,000 to the taxpayer. Six hundred thousand dollars was paid on the execution of the contract and the balance was to be paid in installments within a period of three years. The contract had the usual provisions reserving the title in the seller until all payments were made, gave the seller the right of repossession in case of failure to make payments, and provided for forfeiture of all rights and all money paid as liquidated damages in case of default. The buyer had the right of possession and the right to remove timber. He could not assign the contract without the written consent of the seller. There were no notes, mortgages, or other securities given by the buyer other than the provisions of the contract. Payments subsequent to the initial payment of $600,000 were made as set out in the findings of fact.

Section 212 (d) of the Revenue Act of 1926 is as follows:

"(d) Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is com-

pleted, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term 'initial payments' means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made."

Section 1208 of the Revenue Act of 1926 makes the above section retroactive to the Revenue Act of 1918, under the provisions of which the tax liability of the taxpayer must be determined.

The initial payment is less than one-fourth of the purchase price and the balance of the purchase price was to be paid in installments. The transaction, therefore, comes within the purview of the above-quoted section of the statute. * * *

Compare *J. T. Pittard*, 5 B. T. A. 929, Regulations 69, article 44. The remaining question relates to the deduction of the $73,000 mortgage from the purchase or selling price in order to arrive at the total contract price, the basis upon which to compute yearly percentage of profit. Regulations 69, article 44 (2), provides in part:

In the sale of mortgaged property the amount of the mortgage, whether the property is merely taken subject to the mortgage or whether the mortgage is assumed by the purchaser, shall not be considered as a part of the "initial payments" or of the "total contract price," but shall be included as part of the "purchase price," as those terms are used in section 212 (d), in articles 42 and 45, and in this article. * * *

In the instant case, there was no assumption of the mortgage in express terms, but the property was purchased subject to the mortgage and the purchaser paid it together with the interest thereon. This question was considered by the Board in the case of *Dalriada Realty Co.*, 5 B. T. A. 905, and it was there held that the total contract price is the consideration named in the original agreement less the mortgage on the property, and that the sum thus found is to be used as the basis for the computation of percentage of profit.

The initial payments made by the purchaser in this case during the first taxable year were $8,700, which was less than 25 per cent of the purchase price and constitutes the transaction an installment sale. In order to compute the percentage of profit, the mortgage of $73,000 should be deducted from the original consideration of $210,808.88, which results in a percentage of .362. Applying this to the payment of $25,000 made in 1920, and to that of $50,000 in 1921, it results that $9,050 should be included in petitioner's 1920 income and $18,100 in 1921 income, but this includes the amounts heretofore found by respondent.

*Judgment will be entered under Rule 50.*